```
              UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

KYLIE UGHETTI,
    PLAINTIFF,

CASE NO. 1:19-cv-_____

VS.

HON. _____

MCCAMLY PLAZA HOTEL COMPLEX, LLC,
    DEFENDANT.

_____

Jason R. Pelak (P79618)
**Attorney for Plaintiff**
137 N. Park St., Ste 101A
Kalamazoo, MI 49007
Phone (269) 459-9805
Fax (269) 459-9807
Email jason@pelaklaw.com

_____

## **COMPLAINT**

The plaintiff Kylie Ughetti, by and through her attorney Jason R. Pelak, for actions arising under the Persons with Disabilities Civil Rights Act and the Americans with Disabilities Act of 1990, in connection with her protected activity and subsequent termination by McCamly Plaza Hotel Complex, LLC, states as follows.

*JURISDICTIONAL ALLEGATIONS*

1. The plaintiff Kylie Ughetti is an individual who resided and was employed in Calhoun County, State of Michigan, at all times relevant to this complaint.

2. The defendant McCamly Plaza Hotel Complex, LLC, was an employer at all times relevant to this complaint in Calhoun County, State of Michigan.

3. This case arises under the Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.*, and the Americans with Disabilities Act of 1990, 42 USC §12101 *et seq.*

4. This case arises out of the defendant's employment and discharge of the plaintiff on or around 2/28/17, in Calhoun County, State of Michigan.

5. The Court has federal-question jurisdiction for the claims as alleged under the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964. 28 USC §1331.

6. The Court should exercise supplemental jurisdiction for the similar claims as alleged under the Persons with Disabilities Civil Rights Act. 28 USC §1367.

*JURY DEMAND*

7. The plaintiff hereby requests a trial by jury for all issues that may be submitted to the same.

*COMMON ALLEGATIONS*

8. The plaintiff Kylie Ughetti began working for the defendant in or around the first few weeks of 2017. She was employed as a front desk clerk.

9. During the time of her employment with the defendant, and through her termination, Ms. Ughetti did a good job for it.

10. Also during her employment, Ms. Ughetti suffered from a herniated disc and pinched siatic nerve. The condition caused her significant pain and would prevent her from walking or sitting for substantial periods of time.

11. Ms. Ughetti requested an accommodation for sitting at the front desk counter, which would prevent or reduce the condition she was suffering from. The defendant allowed Ms. Ughetti to have access to a chair, but away from her work station.

12. The defendant then began questioning how frequently Ms. Uhgetti needed to use her chair away from her desk, and then the defendant instructed Ms. Uhgetti that she could not leave the front counter unattended.

13. On or around 2/22/17, Ms. Ughetti awoke and was unable to move, likely due to her herniated disk, and she also informed the defendant stating she would not be able to make her shift. The defendant stated she did not need to

worry about her shift, it would be taken care of, and for Ms. Ughetti to focus on getting better.

14. Thereafter, Ms. Ughetti tried to return to work, and the defendant stated to that she did not call in. The defendant stated to her she was being terminated. Ms. Ughetti explained in detail how she called in, and was instructed that it was fine that she was missing her shift, and for her to focus on her health. The defendant responded and stated the termination papers were already submitted. Despite those conversations, Ms. Ughetti then did resume working on a shift with the possibility that she may be terminated hanging over her head. Ms. Ughetti then discussed further with the defendant to clear up whether she was fired or not, and was then told she was no longer wanted on the team because she was questioning whether or not she was fired.

15. On or around 2/28/17, the defendant discharged Ms. Ughetti. The defendant's claimed reason for discharging her was a pretext: it was not true or otherwise did not motivate the defendant to discharge her.

16. As a result of the discharge by the defendant, Ms. Ughetti has suffered severe damages, including losses of income, emotional distress, a loss of enjoyment of life, and other consequential damages.

17. All conditions precedent have been performed or have occurred.

## COUNT 1 – REFUSAL TO ACCOMMODATE

18. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 17 of this complaint.
19. The defendant failed to accommodate Ms. Ughetti, even though the accommodation would not be an undue hardship on the defendant, and Ms. Ughetti could do her job with that accommodation.
20. As a result of the failure to accommodate set forth above, Ms. Ughetti has suffered and will continue to suffer damages set forth above.
21. This claim is actionable under the Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq., and alternatively, under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.
22. **WHEREFORE**, the plaintiff requests that this Court enter a Judgment in her favor against the defendant, in whatever amount she is shown to be entitled to including actual damages, lost income, emotional distress, inconvenience, mental anguish, and punitive damages, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

*COUNT 2 - DISABILITY DISCRIMINATION*

23. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 - 22 of this complaint.
24. The defendant discharged Ms. Ughetti and her disability was a motivation or reason which made a difference in the decision to discharge her.
25. As a result of the discharge, Ms. Ughetti has suffered and will continue to suffer damages set forth above.
26. This claim is actionable under the Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq., and alternatively, under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.
27. **WHEREFORE**, the plaintiff requests that this Court enter a Judgment in her favor against the defendant, in whatever amount she is shown to be entitled to including actual damages, lost income, emotional distress, inconvenience, mental anguish, and punitive damages, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

Dated: __2/21/19_____

Respectfully submitted,

_____
Jason R. Pelak (P79618)
137 N. Park St, Ste 101A
Kalamazoo, MI 49007
Phone (269) 459-9805
Fax (269) 459-9807
Email jason@pelaklaw.com

**ATTORNEY FOR PLAINTIFF**